**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HONGWEI LIU, | No. 07-74376 |
| Petitioner - Appellant, | Agency No. A098-846-000 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, JR., Attorney General, | |
| Respondent - Appellee. | |

Petition to Review an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]
San Francisco, California

Before: FERNANDEZ and BYBEE, Circuit Judges, and SINGLETON, Senior
District Judge.[***]

Hongwei Liu ("Liu"), a native and citizen of China, petitions for review of

the decision by the Board of Immigration Appeals ("BIA") affirming the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable James K. Singleton, Senior United States District
Judge for the District of Alaska, sitting by designation.

Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Liu also asserts that the BIA deprived him of his right to due process by adopting the IJ's adverse credibility finding. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010), and review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

The agency found Liu not credible for several reasons. Liu's testimony at his hearing was internally inconsistent and inconsistent with statements made during his asylum interview. He was unable to consistently name the company he worked for as a manager for twelve years or the university he attended, and his documentary evidence was unauthenticated and conflicted with his testimony. In light of these findings, substantial evidence supports the agency's adverse credibility determination. *See Shrestha*, 590 F.3d at 1040–44 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances"); *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001) (adverse credibility determination supported in part based on inconsistencies relating to the

2

events leading up to petitioner's departure), *superseded on other grounds as recognized in Shrestha*, 590 F.3d at 1046. In the absence of credible testimony, Liu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Liu's CAT claim is based on the same testimony found to be not credible, and he points to no other evidence the IJ should have considered, substantial evidence also supports the denial of CAT relief. *See id.* at 1156–57.

Finally, because Liu was given a full and fair hearing of his claims and a reasonable opportunity to present evidence, we reject his due process claim. *See Colmenar*, 210 F.3d at 971.

PETITION FOR REVIEW DENIED.